UNITED STATES REPAIR & GUARANTY CO. v. ASSYRIAN ASPHALT CO. et al.

(Circuit Court, N. D. Illinois, N. D. June 7, 1899.)

No. 24,534.

1. PATENTS—CONSTRUCTION—MEANING OF "ASPHALT."

The term "asphalt," used in a patent in reference to pavements, is not limited in meaning to the Trinidad deposit, or to the so-called "American mixture," but includes as well the bituminous paving material used in France and elsewhere, comprising natural rock asphalt and compositions of bitumen and lime or sand particles.

2. SAME—REPAIRING ASPHALT PAVEMENTS.

The Perkins patent, No. 501,537, for an improvement in the method of repairing asphalt pavements, consisting in subjecting the spot to be repaired to heat until the material is softened, then adding new material, and smoothing and burnishing, was anticipated by the Crochet French patent of June 10, 1880, which describes substantially the same method.

**3. SAME—APPARATUS FOR REPAIRING ASPHALT PAVEMENTS.**
    The Perkins patent, No. 560,599, for an apparatus for repairing asphalt
    pavements, being for improvements upon the original Perkins apparatus,
    and consisting in the use of nozzles instead of burners, the employment of
    horizontal instead of vertical blasts, and the arrangement of the hood so
    that it may fit tightly upon the pavement, *held* to cover a new and patent-
    able combination, and also *held* infringed.

This was a suit in equity by the United States Repair & Guaranty
Company against the Assyrian Asphalt Company and others for al-
leged infringement of patents for a method and apparatus for repair-
ing asphalt pavements.

Raymond & Omohundro, for complainant.
Leroy D. Thoman and Peirce & Fisher, for defendants.

KOHLSAAT, District Judge. This is a suit for the alleged in-
fringement of letters patent No. 501,537, for an improvement in the
method of repairing asphalt pavements, and of patent No. 560,599,
for an improvement in an apparatus for repairing asphalt pavements.
Apparatus patent No. 542,349 was also included in the bill, but has
been withdrawn. In the suit of United States Repair & Guaranty
Co. v. Standard Paving Co., reported in 87 Fed. 339, this method
patent was held to have been anticipated by the invention of Paul
Crochet, covered by letters patent issued June 10, 1880, by the French
government. Complainant strongly insists in this suit that the
meaning of the term "asphalt" was not properly presented to the
court in the Standard Paving Co. Case, but, while there is consider-
ably more evidence in this suit than in that covering this question,
yet the contention was evidently forcibly argued before Judge Coxe,
as he discusses it at some length in his well-considered opinion.
Since the argument before me, the opinion of the court of appeals of
the Second circuit, in the Standard Paving Co. Case, 95 Fed. 137, has
been handed me by counsel, and I have considered the same. From
the evidence in this suit regarding the prior state of the art, and the
argument before me, I find that the term "asphalt" is not limited in
its meaning to the Trinidad deposit, or to so-called "American mix-
ture," but includes as well the bituminous paving material used in
France and elsewhere, comprising natural rock asphalt and composi-
tions of bitumen and lime or sand particles, and that the claims of the
Perkins method patent are so broad with reference to the application
of heat to the repair of asphalt pavements that they are anticipated
by the Crochet patent, and are invalid.

With reference to apparatus patent No. 560,599, I find it to be a
combination embodying improvement upon the original Perkins ap-
paratus. These improvements, while not novel in and of themselves
(consisting in the use of nozzles instead of burners, the employment
of horizontal instead of vertical blasts, and the arrangement of the
hood so that it may fit tightly upon the pavement), taken in combina-
tion with the best features of the older machines, accomplish a new
and useful result, and I hold the entire combination novel and patent-
able.

In brief of counsel for complainant it is agreed that the bill may be dismissed as to James P. Mallette, against whom no proof has been introduced.

It clearly appears that the device of defendant company contains the combination of complainant's apparatus patent, and counsel may prepare an order of injunction and reference to take account in usual form.